IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EDUCATIONAL CREDIT MANAGEMENT )
CORPORATION, )
) District Court No.
) 1:05CV1033
    Appellant, )
)
    v. ) Bankruptcy Court Case No.
) B-04-52834C-7W
)
ROBERT J. MOSKO, JR. and ) Adversary Case No.
BRENDA R. MOSKO, ) A-04-6077W
)
    Appellees. )

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

This matter is before the court on an appeal by Educational Credit Management Corporation ("ECMC") of a Bankruptcy Court decision discharging the student loan debts of Robert J. Mosko, Jr. and Brenda R. Mosko. The Bankruptcy Court partially discharged the debt of Robert Mosko and completely discharged the debt of Brenda Mosko. ECMC has appealed, arguing that the necessary prerequisites for discharge have not been met.

I.   BACKGROUND

Robert and Brenda Mosko are a married couple with a four-year-old son. Robert Mosko has student loans held by ECMC, incurred while he obtained a Bachelor of Science degree in Information Systems from the University of North Carolina at Greensboro. As of July 17, 2005, the balance of his student loan debt was $63,417.06. Brenda Mosko also has student loans held by

ECMC, incurred while she obtained a Bachelor of Arts degree from Old Dominion University and a Master's degree in Music from the University of North Carolina at Greensboro. As of July 17, 2005, the balance of her student loan debt was $57,156.41. Brenda Mosko is currently employed as a music teacher at a middle school in North Carolina. Robert Mosko has been unemployed since 2003 and suffers from a medical condition that interferes with his ability to work.

On December 30, 2004, Robert and Brenda Mosko filed an adversary proceeding seeking to discharge their student loans under 11 U.S.C. § 523(a)(8). After concluding that Brenda Mosko satisfied the requirements of § 523(a)(8), the Bankruptcy Court discharged her student loan debt in its entirety. The Bankruptcy Court also concluded that Robert Mosko's debt should be partially discharged and decreased his debt to approximately $32,400.

II. STANDARD OF REVIEW

This court reviews the Bankruptcy Court's factual findings for clear error and conclusions of law de novo. <u>Foley & Lardner v. Biondo (In re Biondo)</u>, 180 F.3d 126, 130 (4th Cir. 1999). The question of whether a debtor has satisfied the requirements of 11 U.S.C. § 523(a)(8) is a mixed question of law and fact. <u>Educational Credit Mgmt. Corp. v. Frushour (In re Frushour)</u>, 433 F.3d 393, 398 (4th Cir. 2005). The court reviews de novo the determination of whether a debtor has met the requirements of § 523(a)(8) and reviews the findings of fact underlying that determination for clear error. <u>Id.</u> at 399.

2

III. ANALYSIS

ECMC has appealed the Bankruptcy Court's discharge of the Moskos' debt on the ground that the Bankruptcy Court did not properly determine that the prerequisites for discharge were met. Discharge of student loans is governed by 11 U.S.C. § 523(a), which indicates that such loans should generally not be discharged. An exception is created by § 523(a)(8) for situations in which "excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents." To demonstrate that the undue hardship requirement is satisfied, a debtor must satisfy the three-part test articulated in Brunner v. New York State Higher Education Services Corp., 831 F.2d 395, 396 (2d Cir. 1987). See Ekenasi v. Education Res. Inst. (In re Ekenasi), 325 F.3d 541, 546 (4th Cir. 2003). The debtor must demonstrate the following:

> (1) that he cannot maintain a minimal standard of living for himself and his dependents, based upon his current income and expenses, if he is required to repay the student loans; (2) that additional circumstances indicate that his inability to do so is likely to exist for a significant portion of the repayment period of the student loans; and (3) that he has made good faith efforts to repay the loans.

Id.

The Bankruptcy Court applied the Brunner test and determined that Brenda Mosko satisfied the three parts of the test and was therefore entitled to a complete discharge of her student loans. With regard to Robert Mosko, the Bankruptcy Court determined that he had failed, to a certain extent, to satisfy the second requirement, and, therefore, he was entitled to only a partial

3

discharge of his student loans. ECMC has challenged both of these decisions. ECMC first argues that it was error to conclude that Brenda Mosko satisfied the second requirement if Robert Mosko did not. ECMC next argues that it was error to discharge a portion of Robert Mosko's debt without a determination that he had satisfied the second requirement. The court will address the latter issue first.

    A. Robert Mosko's Debt

In partially discharging Robert Mosko's debt, the Bankruptcy Court acted under authority granted by 11 U.S.C. § 105(a).[1] That provision "allows a bankruptcy court to tailor an equitable solution around the facts of a particular case." Kapinos v. Graduate Loan Ctr. (In re Kapinos), 243 B.R. 271, 276 (W.D. Va. 2000). With regard to the exercise of this authority, the Sixth, Ninth, Tenth, and Eleventh Circuits have concluded a debt may not be partially discharged without a finding of undue hardship. See Aldrete v. Educational Credit Mgmt. Corp. (In re Aldrete), 412 F.3d 1200, 1207 (10th Cir. 2005); Miller v. Pennsylvania Higher Educ. Assistance Agency (In re Miller), 377 F.3d 616, 621–22 (6th Cir. 2004); Saxman v. Educational Credit Mgmt. Corp., 325 F.3d 1168, 1174–75 (9th Cir. 2003); Hemar Ins. Corp. of Am. v. Cox (In re Cox), 338 F.3d 1238, 1242 (11th Cir. 2003). Although the Fourth Circuit has not spoken directly on the issue, the court

---

[1] In relevant part, § 105(a) states: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

concludes that is the law in this circuit as well.  Thus, the court agrees with ECMC that the Bankruptcy Court should not have partially discharged Robert Mosko's debt without such a finding.

The court does not agree with ECMC, however, that the Bankruptcy Court failed to comply with this rule.  Although the Bankruptcy Court indicated that Robert Mosko "did not meet his burden of proof on the additional circumstances prong of the Brunner test," Mosko v. Educational Credit Mgmt. Corp. (In re Mosko), Case No. 04-52834, Adv. No. 04-6077, slip op. at 12 (Bankr. M.D.N.C. Sept. 29, 2005), it later indicated that "it would be an undue hardship on [Robert Mosko] to repay the full amount of his student loans," id. at 18.  A reading of the full opinion indicates that the two statements are not inconsistent. The first statement was made as a result of the Bankruptcy Court's conclusion that Robert Mosko had failed to demonstrate that his medical condition was sufficiently permanent as to preclude any future employment.  However, the Bankruptcy Court elsewhere concluded that Robert Mosko would need to earn at least $30,000 for the family to break even on its monthly expenses and that Robert Mosko made no more than $35,000 when he had been employed.  It would be reasonable to conclude from these facts that even if Robert Mosko's medical condition resolves favorably and he is able to return to work, his earnings are not likely to ever reach a level where he could pay his full student loan debt. This satisfies the second requirement by demonstrating that his inability to maintain a minimal standard of living while paying

his full student loan debt is not likely to change.  It would
also be reasonable to conclude that Robert Mosko had failed to
demonstrate that he would never be able to pay any of his debt
without falling below a minimal standard of living.  Thus, Robert
Mosko may have satisfied the second requirement when his debt is
viewed in its entirety but failed to satisfy it in a way that
would entitle him to a full discharge.

The court assumes that this is the conclusion reached by the
Bankruptcy Court.  Nonetheless, because there is language in the
Bankruptcy Court's opinion that suggests that it may have
concluded that payment of the debt would result in undue
hardship, despite the fact that the second requirement had not
been met, it is appropriate to ask the Bankruptcy Court to
clarify its conclusions.  Thus, the issue will be resubmitted to
the Bankruptcy Court for clarification.

B.  Brenda Mosko's Debt

After examining Brenda Mosko's earning potential, the
Bankruptcy Court concluded that she had satisfied all three of
the Brunner test's requirements and was entitled to full
discharge of her student loan debt.  At the same time, the
Bankruptcy Court concluded that Robert Mosko had failed to
demonstrate that he would not earn more in the future.  ECMC
argues that the first conclusion is incorrect because the
Bankruptcy Court should have looked at household income to
determine whether Brenda Mosko's financial condition was likely

6

to continue.  Thus, Robert Mosko's earning potential should be a factor in determining the permanency of Brenda Mosko's condition.

Courts generally use household income as the metric for determining whether a debtor has satisfied the first <u>Brunner</u> requirement.[2]  <u>See, e.g.</u>, <u>Gill v. Nelnet Loan Servs. (In re Gill)</u>, 326 B.R. 611, 626 (Bankr. E.D. Va. 2005) ("Courts within the jurisdiction of the Fourth Circuit Court of Appeals have held that family income must be the measure of the income calculation commanded by the first <u>Brunner</u> prong.").  The formulation of the second requirement suggests that household income is appropriate in that inquiry as well.  The second requirement of the <u>Brunner</u> test is "that additional circumstances indicate that his inability to do so is likely to exist for a significant portion of the repayment period of the student loans."  <u>Ekenasi</u>, 325 F.3d at 546.  The words "inability to do so" are naturally read to incorporate the first <u>Brunner</u> requirement.  The second requirement essentially asks a court to forecast whether the first requirement will be met in the future as well.  If household income is used to determine whether the debtor can maintain a minimal standard of living in the present, it should also be used to determine whether the debtor may do so in the future.

---

[2] The Bankruptcy Court considered household income and expenses in determining whether the Moskos met the first requirement.

7

The Bankruptcy Court did not use household income to determine whether Brenda Mosko met the second <u>Brunner</u> requirement. For this reason, the court concludes that the matter should be remanded to the Bankruptcy Court for renewed consideration. In light of its conclusions regarding Robert Mosko, the Bankruptcy Court may conclude that, even if she is not entitled to a full discharge, Brenda Mosko is entitled to a partial discharge. It may also determine that the amount Robert Mosko should be equitably required to repay is lessened in light of the requirement that payments also be made on Brenda Mosko's debt. This court leaves those decisions to the Bankruptcy Court's discretion.

IV. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that, with regard to the discharge of the student loan debt of Robert J. Mosko, Jr., the matter is REMANDED for clarification.

IT IS FURTHER ORDERED that, with regard to the discharge of the student loan debt of Brenda R. Mosko, the opinion of the Bankruptcy Court is REMANDED for further proceedings consistent with this opinion.

This the 1st day of March 2006.

/s/ William L. Osteen
United States District Judge