IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | )<br>)<br>) District Court No.<br>) 1:05CV1033 |
| Appellant, | )<br>) |
| v. | ) Bankruptcy Court Case No.<br>) B-04-52834C-7W<br>) |
| ROBERT J. MOSKO, JR. and<br>BRENDA R. MOSKO, | ) Adversary Case No.<br>) A-04-6077W<br>) |
| Appellees. | ) |

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

This matter is before the court on an appeal by Educational Credit Management Corporation ("ECMC") of a Bankruptcy Court decision discharging the student loan debts of Robert J. Mosko, Jr. and Brenda R. Mosko under 11 U.S.C. § 523(a)(8).

**I. BACKGROUND**

The full facts of this matter are set out in the court's opinion Educational Credit Management Corporation v. Mosko, No. 1:05CV1033 (M.D.N.C. Mar. 1, 2006). The following facts are relevant to this appeal.

Appellants Brenda and Robert Mosko have student loans held by ECMC. They began to seek the discharge of these loans under 11 U.S.C. § 523(a)(8) by filing an adversary proceeding in U.S. Bankruptcy Court. After a trial, the Bankruptcy Court entered an opinion completely discharging Brenda Mosko's loans and partially

discharging Robert Mosko's loans.  ECMC appealed the order to this court.  This court remanded the matter to the Bankruptcy Court on two issues: (1) for clarification of whether the Bankruptcy Court had applied the proper standard with regard to the partial discharge of Robert Mosko's debt, and (2) for further proceedings incorporating household income in the analysis of Brenda Mosko's debt.  The Bankruptcy Court issued a second opinion on May 24, 2006, in which it reiterated its earlier conclusion that Brenda Mosko was entitled to full discharge of her debt and issued a new opinion fully discharging Robert Mosko's debt.

**II.  STANDARD OF REVIEW**

This court reviews the Bankruptcy Court's factual findings for clear error and conclusions of law de novo.  <u>Foley & Lardner v. Biondo (In re Biondo)</u>, 180 F.3d 126, 130 (4th Cir. 1999).  The question of whether a debtor has satisfied the requirements of 11 U.S.C. § 523(a)(8) is a mixed question of law and fact.  <u>Educational Credit Mgmt. Corp. v. Frushour (In re Frushour)</u>, 433 F.3d 393, 398 (4th Cir. 2005).  The court reviews de novo the determination of whether a debtor has met the requirements of § 523(a)(8) and reviews the findings of fact underlying that determination for clear error.  <u>Id.</u> at 399.

**III. ANALYSIS**

ECMC has appealed the Bankruptcy Court's discharge of the Moskos' debt on two grounds.  ECMC first argues that the Bankruptcy Court did not comply with this court's instructions

regarding Robert Mosko.  ECMC next argues that the Bankruptcy Court erred in concluding that the Moskos carried their burden of proving that the prerequisites for discharge were met.

A. The Court's Instruction

At issue in the first appeal of this case was whether student loan debt could be partially discharged without a showing of undue hardship.  The court concluded that it could not, and that, before a debt could be partially discharged, a debtor would have to satisfy all three prongs of the Brunner test.[1]  Implicit in that decision is that once the Brunner test has been satisfied, a court is free to choose between full and partial discharge.  Under § 523(a)(8), once undue hardship is shown, student loan debts are fully dischargeable.  The court may, exercising its equitable power under 11 U.S.C. § 105(a),[2] choose

---

[1] The test, articulated in Brunner v. New York State Higher Education Services Corp., 831 F.2d 395, 396 (2d Cir. 1987), is a three part test for determining whether a debtor has made a showing of undue hardship.  See Ekenasi v. Education Res. Inst. (In re Ekenasi), 325 F.3d 541, 546 (4th Cir. 2003).  The debtor must demonstrate the following:

> (1) that he cannot maintain a minimal standard of living for himself and his dependents, based upon his current income and expenses, if he is required to repay the student loans; (2) that additional circumstances indicate that his inability to do so is likely to exist for a significant portion of the repayment period of the student loans; and (3) that he has made good faith efforts to repay the loans.

Id.

[2] In relevant part, § 105(a) states:  "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  That provision "allows a bankruptcy court to tailor an equitable solution around the facts of a particular case."  Kapinos v. Graduate Loan Ctr.
(continued...)

3

to discharge the student loan debt only partially, rather than fully. The court is never required to discharge a debt only partially, but may do so if it concludes that a partial discharge would be "necessary or appropriate" under the circumstances.

When this court remanded the case to the Bankruptcy Court, it was for the purpose of ensuring that the Bankruptcy Court complied with this body of law. In the Bankruptcy Court's second opinion, it made clear that it concluded that the <u>Brunner</u> test was satisfied as to Robert Mosko. Once the Bankruptcy Court reached that conclusion, it was then free to discharge as much of Robert Mosko's debt as it found necessary. The full discharge of Robert Mosko's debt was within the Bankruptcy Court's power, and this court concludes that the Bankruptcy Court acted within the law in issuing its order.

The court recognizes that its March 1, 2006, Memorandum Opinion and Order specified only that the case was being remanded for clarification. Nonetheless, it was the intent of the court to instruct the Bankruptcy Court to reevaluate its conclusions in the context of this court's statement of the law. It was not the intent of the court to restrict the ability of the Bankruptcy Court to take action based upon the conclusions it reached. Thus, the Bankruptcy Court did not act outside of the scope of this court's instruction upon remand. Its decision will not be overturned on that ground.

---

[2](...continued)
<u>(In re Kapinos)</u>, 243 B.R. 271, 276 (W.D. Va. 2000).

B.  Satisfaction of the Brunner Requirements

ECMC's second argument is that the Moskos failed to meet their burden of proof with regard to prongs two and three of the Brunner test.  After considering the materials in this case, the court concludes the Bankruptcy Court's conclusions of law are correct and that the Bankruptcy Court made no clearly erroneous findings of fact.  The court agrees with the Bankruptcy Court's conclusion that it would an undue hardship for the Moskos to pay their student loan debts.

With regard to the second Brunner prong, the court concludes that the Bankruptcy Court's findings that Robert Mosko is disabled and that his job skills are not marketable are not clearly erroneous.  The court also agrees that these factors make it unlikely that the Moskos' household income will increase to the point that they can afford to pay their student loan debts.

For these reasons, the court concludes as a matter of law that the Moskos have each met their burden of showing "additional circumstances indicate that [the debtor's] inability to [maintain a minimal standard of living for himself and his dependents] is likely to exist for a significant portion of the repayment period of the student loans."  Ekenasi, 25 F.3d at 546.

With regard to the third prong, the court accepts the Bankruptcy Court's finding that the Moskos made payments when they could and sought deferments and forbearances when necessary.  The court concludes as a matter of law that such activities show

5

a good faith effort to make payments and that this effort is not vitiated by the Moskos' failure to refinance through the William D. Ford Direct Loan Program or their failure to strip their lifestyle of all expenses not totally necessary.

The court finds no clear error in the Bankruptcy Court's findings of fact and agrees with the conclusions of law. The Moskos have satisfied all three prongs of the Brunner test. Therefore, their student loan debt is not exempt from discharge under 11 U.S.C. § 523(a)(8), and the Bankruptcy Court was correct in discharging it.

## IV. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the Bankruptcy Court's Order of April 7, 2006, is AFFIRMED.

This the 1st day of September 2006.

_____
United States District Judge

6